No. 18,780.

PAUL D. COLE, by his next friend, etc., *Appellee*, v.
THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Interstate Commerce—Within Purview
of Federal Employer's Liability Act.* An act of congress
regulating interstate commerce and fixing the liability of com-
mon carriers engaged in that commerce to their employees is
supreme and exclusive and supersedes state legislation on
the same subject, and whether the federal or the state law is
applicable in any case depends on whether the employer and
employee were engaged in interstate commerce when the in-
jury was sustained by the employee.

2. TRIAL—*Material Question of Fact—Submission to Jury.*
Either party is entitled, upon request, to have the court sub-
mit to the jury an important question of fact which is within
the issues in the case and is based upon competent evidence.

3. NEW TRIAL—*Inconsistent Special Findings.* A new trial
should be granted where important special findings of fact
made by the jury are inconsistent with each other and with
the general verdict returned by it.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed April 11, 1914. Re-
versed.

*William R. Smith, Owen J. Wood,* and *Alfred A.
Scott,* all of Topeka, for the appellant.

*Alfred M. Jackson, Albert L. Noble,* both of Winfield,
and *Charles T. Atkinson,* of Arkansas City, for the ap-
pellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellee, Paul D. Cole, a minor,
by his next friend, George W. Cole, brought this action
against appellant, The Atchison, Topeka & Santa Fe
Railway Company, to recover damages for injuries
suffered in falling from the top of a refrigerator car.

Cole v. Railway Co.

It appears that Cole was employed by appellant as a clerk at its station at Anthony. As a part of his duties it appears that he was to oversee the sealing of cars, and that on or about Thursday, October 5, 1911, in company with another workman was engaged in sealing vent doors on the top of refrigerator cars. About thirty cars were to be sealed each day, and on the day in question a string of the cars were so coupled that next to the one on which appellee was standing and from which he fell was a furniture car the top of which was about two and one-half feet higher than the top of the refrigerator car. It was about seven o'clock in the evening and darkness had fallen. It appears that part of these cars were bound for points in Oklahoma and that others on which appellee had worked had either come from or were bound to Oklahoma points. Appellee was standing about five feet from the end of the refrigerator car in a stooping posture holding a lantern to enable his companion to properly seal the vent door, and while in this position another car was shunted against the string with such force that appellee was thrown to the ground. Appellee sustained injuries alleged to be permanent in their nature and for which he asked damages in the sum of $5000. At the trial the jury returned a general verdict in favor of appellee and special findings of fact in which it was found that he was damaged in the sum of $3000, but that by reason of his own negligence, which contributed to the injury, the amount was reduced one-half and he was awarded the sum of $1500. Appellant alleged and claimed that the injury was the result of appellee's negligence in that the sealing of the cars should have been done in the daytime while he chose to do it in the nighttime; also that he was aware of the fact that trains were switching in the yard and took no precaution to notify the switching crews of his presence on the cars and did nothing to protect himself, and, further,

that the appellant had been released from any claim for damages on account of the injury.

The first claim of error is that appellee was permitted to recover under the state statute when he had alleged and proven a cause of action under the federal law. The petition of appellee does state that the appellant was engaged in interstate commerce and that the refrigerator cars which were being sealed were used in interstate traffic. At the opening of the trial a question arose as to whether appellee was seeking a recovery under the federal or the state law, and appellant asked that the appellee be required to elect under what law he was proceeding. The court held that he was not compelled to make an election, but that he was bound to prove the cause of action alleged in his petition, which, it was stated, appeared to be a cause of action under the federal law. On the conclusion of appellee's testimony a demurrer to his evidence was filed, and the court ruled that the evidence introduced was not sufficient to show that appellee was engaged in interstate commerce at the time of his injury. Appellee then asked and obtained permission to offer further testimony on that issue, and the testimony offered showed quite clearly that the cars which were being sealed were being used in interstate traffic. The court, however, ruled that the proof was insufficient to prove a liability under the act of congress, but that it was sufficient to go to the jury under the employers' liability statute of Kansas. It appears that appellant was insisting in the district court that the proof did not establish a liability under the federal law, but it is now contending that the proof offered tended to prove that appellee was engaged in interstate rather than intrastate commerce at the time of his injury. When a state of facts is set up which come fairly within the federal act, and the proof sustains the averments, the liability must be determined by the provisions of that act. When congress acts upon the subject of interstate

commerce and regulates the relations of employer and employee engaged in that kind of commerce, its action is, of course, supreme and exclusive, and any state statute in conflict with the congressional act must give way. (*Nashville &c. Railway v. Alabama*, 128 U. S. 96, 9 Sup. Ct. Rep. 28, 32 L. Ed. 352; *Mississippi R. R. Com. v. Illinois Cent. R. R.*, 203 U. S. 335, 27 Sup. Ct. Rep. 90, 51 L. Ed. 209; *The Employers' Liability Cases*, 207 U. S. 463, 28 Sup. Ct. Rep. 141, 52 L. Ed. 297; *Mich. Cent. R. R. v. Vreeland*, 227 U. S. 59, 33 Sup. Ct. Rep. 192, 57 L. Ed. 417; *St. L. & San Francisco Ry. v. Seale*, 229 U. S. 156, 33 Sup. Ct. Rep. 651, 57 L. Ed. 1129; *Fulgham v. Midland Valley R. Co.*, 167 Fed. 660; *State v. Chicago, M. & St. P. R. Co.*, 136 Wis. 407, 117 N. W. 686; *State v. Railroad*, 212 Mo. 658, 111 S. W. 500; *Fernette v. Pere Marquette R. Co.*, 175 Mich. 653, 141 N. W. 1084, 144 N. W. 834.)   The ruling of the court on this provision, however, may not be very important, as the provisions of our statute, as well as its language, do not differ materially from those of the congressional act, and the evidence offered by appellee was pertinent to the issue as it was originally joined under the federal law.   So far, at least, as this appeal is concerned, the holding of the court can hardly be regarded as prejudicial error.

There is reason to complain, however, of the rulings of the court on special questions.   The court refused to submit the vital question, "If you find for the plaintiff in this action, in what respect do you find that the defendant, its officers and agents and employees were negligent?"   Another question, asking the jury to find what act or omission on the part of the defendant caused the injury, was likewise refused.   This was an important question of fact that was within the issues of the case and upon which competent testimony had been offered, and the appellant was entitled to have it submitted to and answered by the jury.   (*W. & W. Rld. Co. v. Fechheimer*, 36 Kan. 45, 12 Pac. 362; *A. T. &*

*S. F. Rld. Co. v. Ayres,* 56 Kan. 176, 42 Pac. 722; *Barker v. Railway Co.,* 89 Kan. 573, 132 Pac. 156.) The court might also very well have submitted the question why the sealing of the cars was not done before it became dark, and also what precaution appellee had taken to safeguard himself against the accident, when he knew that trains were switching in the yard. The error in the refusal to submit these questions is emphasized somewhat by the inconsistencies in the answers given by the jury to other special questions. The jury found that appellee was chargeable with contributory negligence, and that by reason of that negligence the damages which he sustained, to wit, $3000, was diminished to $1500. Under the employers' liability law contributory negligence of the employee is not a defense to the negligence of the employer, but it may be considered and the damages sustained may be diminished in proportion to the amount of negligence attributable to the employee. Now, the negligence charged against the appellee was his act in sealing the cars after dark instead of doing it in daylight, and in failing to keep a lookout when switching was being done in the yard, and to take precaution to protect himself when cars were backed against the one on which he was working. The jury, however, specifically found that the appellee was not guilty of negligence in going upon the cars after dark, and that while it was his duty to keep a lookout for switching trains and engines in the yard, that he, in effect, did keep a reasonable lookout for them. The jury cut his recovery one-half because of his negligence, and yet by these answers declared that he was not negligent. Another finding is that appellee knew that trains were being switched in the yard when he was upon the refrigerator car engaged in sealing it, and yet in another finding the jury said that he could not have safeguarded himself against the accident if he had been watching for the backing of cars upon the track where he was at work. These findings

are inconsistent with each other and with the general verdict.

There is complaint of the instructions, but no substantial error is found in them.

For the error in refusing to submit important questions of fact and for the inconsistencies in the special findings returned by the jury the judgment must be reversed and the cause remanded for a new trial.