DEMPSEY v. BALTIMORE & O. R. CO.

(District Court, E. D. Pennsylvania. January 27, 1915.)

No. 3174.

1. TRIAL ⬤⟿33—RECEPTION OF EVIDENCE—DISCRETION OF COURT.
    The admissibility of collateral facts is usually to be determined according to the sound discretion of the trial judge in finding the fact of relevancy.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 85, 86; Dec. Dig. ⬤⟿33.]

2. DAMAGES ⬤⟿64—ACTIONS FOR PERSONAL INJURIES—INSURANCE.
    In an action for personal injuries, evidence that the injured person has received compensation for his injury in the form of payment of an accident insurance policy is incompetent.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 113; Dec. Dig. ⬤⟿64.]

3. EVIDENCE ⬤⟿99—RELEVANCY—EVIDENCE ADMISSIBLE IN PART.
    A fact in issue can be proved, though it brings out with it other matters not in issue.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 123, 137–143; Dec. Dig. ⬤⟿99.]

4. DAMAGES ⬤⟿64—REDUCTION—INSURANCE—EVIDENCE—FORM OF QUESTION.
    In an action for personal injuries, evidence that plaintiff, having an accident insurance policy for $2,000, settled the claim thereunder for the same injuries for $300, was properly excluded, since while if plaintiff had stated to the insurance company or any one else that his injuries were

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

less than he testified them to be at the trial, or if he thus contradicted himself by acts as well as words, such contradictory statements or acts might be proved, the fact of a settlement or the amount received in settlement had no probative value, unless such amount was reduced because of representations as to the fact, character, or extent of the injuries, and the questions asked and the offer of proof should have been directed to the feature having a bearing upon the case on trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 113; Dec. Dig. ☜64.]

5. WITNESSES ☜268—CROSS-EXAMINATION—SCOPE—DISCRETION OF COURT.
Cross-examination of plaintiff as to such settlement was properly excluded, in the discretion of the court, for the same reason.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. ☜268.]

6. NEW TRIAL ☜35—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
The exclusion of such cross-examination did not require a new trial, even though the court, in its discretion, might properly have permitted it, where there was direct evidence as to the extent of plaintiff's injuries, the evidence properly called for a verdict for plaintiff, and a verdict for defendant or for plaintiff for an insufficient amount would have been set aside, unless some fact, other than the mere fact of settlement, had been disclosed by such examination.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 51–55; Dec. Dig. ☜35.]

At Law. Action by D. E. Dempsey against the Baltimore & Ohio Railroad Company. On motion for a new trial. Motion dismissed.

Roy M. Livingstone and Wm. M. Lewis, both of Philadelphia, Pa., for plaintiff.

Wm. B. Linn, of Philadephia, Pa., for defendant.

DICKINSON, District Judge. The motion for a new trial is based wholly upon an appellate question. This is involved in a ruling upon the exclusion of evidence. The action was for personal injuries. The plaintiff, it is to be presumed for the purposes of the ruling, held an accident policy under which he had a claim against an insurance company. It is to be further assumed that the policy was for $2,000, and that he settled the claim for $300. He was asked upon cross-examination whether this was not the fact. An objection was interposed and sustained. The defendant in its turn offered to make proof of the above facts. An objection to the offer was again sustained. The defendant now complains of these rulings as error. If the defendant, as a matter of legal right, was entitled to the benefit of these evidential facts, it should have a new trial.

[1-3] The question of the admissibility of collateral facts is often a question of some nicety. Such questions are necessarily usually to be determined according to the sound discretion of the trial judge in finding the fact of relevancy. Questions and offers of this character frequently involve, as a practical consequence, more than formally appears. It would be obvious error, for instance, to permit a defendant, in a personal injury case, to introduce evidence that the person injured had received compensation for his injury in the form of payment of an accident insurance policy. It would be manifest injustice to have such

evidence to go before the jury under the guise of a question which in form was framed to elicit another fact, but which in effect would elicit that fact alone. If the fact which the question was framed to elicit was a fact which was in issue between the parties, it could be brought out, notwithstanding that it brought out with it other matters which were not in issue. The specific fact in issue in this branch of the case on trial was the fact of injury and its extent. The fact of whether the plaintiff carried accident insurance, or how much he had recovered from the insurance company, was not in issue. He was claiming, however, for what it is within the limits of fair argument to characterize as total disability. He had offered himself as a witness, and in consequence both the integrity of his claim and his credibility as a witness were involved. The only bearing which the facts sought to be elicited could have upon the issue before the jury is best expressed interrogatively. If the plaintiff were injured to the extent to which he claims, why, having a claim under an insurance policy for $2,000, did he settle it for $300? This in substance and almost in form was the question finally asked.

"Q. And did you not settle that claim on June 29, 1914, for $300? A. What is that paper? I will have to see that. Mr. Lewis: I object to that. The Court: The objection is sustained. Mr. Linn: Will your honor hear the purpose? The Court: You are asking the amount for which he settled. Mr. Linn: Yes, sir; and I take it that this— The Court: Ask another question then. The trouble of it is that we are trenching on two things, a part of which is perfectly admissible and a part of which is clearly inadmissible. This is the clearly inadmissible part, and it is excluded.

"By Mr. Linn: Q. Will you explain to the court and jury why, if on the 9th of January you made a claim for total disability, claiming $2,000, you would settle it for less? Mr. Lewis: That is objected to. The Court: The objection is sustained. (Exception noted for defendant by direction of the court.)

"By Mr. Linn: What did you settle that claim for? Mr. Lewis: That is objected to. The Court: The objection is sustained. (Exception noted for defendant by direction of the court.)

"Defendant offered in its turn to prove that the claim against the Accident Insurance Company had in fact been settled for $300, and this testimony was also excluded. Mr. Linn (page 78): The purpose of the offer is in connection with what the plaintiff himself said as to making a claim for $2,000, which he settles for $300. I think it is entitled to go to the jury as to the bona fides of the character of the claim made here. The Court: The trouble about that is that we do not know why. The company may have been no good. Mr. Linn: He can explain that. The Court: It must be shown to be relevant. The objection is sustained, and an exception granted to the defendant. (Exception noted for defendant by direction of the court.)"

[4, 5] This form of question and offer of proof ignores the distinction intended to be indicated to counsel. It is the distinction upon which was grounded the rulings in McSparran v. Insurance Co., 193 Pa. 184, 44 Atl. 317, and Hollinger v. Railway Co., 225 Pa. 419, 74 Atl. 344, 17 Ann. Cas. 571. If the plaintiff had stated to any one (insurance company or not) that his injuries were less than at the trial he had testified them to be, he could properly be confronted with the contradictory statements. This contradiction need not have been in verbal form. An act might have indicated it as well as a word. On the other hand, it is just as clear that the fact of a money payment by an insurance company is neither a relevant nor a proper fact to be brought out

in the trial of a negligence case. The fact that a claim against an insurance company was settled is of no probative value in such a case as the present. The amount received in settlement is of no value to us, unless it appear that it was inflamed or reduced because of representations made as to the fact, character, or extent of the injuries. The relevancy of the proffered evidence must appear before it becomes admissible. There was nothing to indicate, either in the questions propounded on cross-examination or in the offer of proof, the relevancy of the fact to be elicited. The bearing of the testimony and its strength is urged to lie in this: We cannot know what the answer to the question would have been. If he had admitted that he had settled because he had deemed his injuries to have been less than the extent to which he testified at the trial, the answer would have had a pertinent bearing upon the issue. The weakness of this position lies in the circumstance that it can be so easily turned. If the reply developed no relevant fact, something not in issue has been injected and may divert attention from the real issue. It is no answer to say that the fact of payment and plaintiff's explanation both go to the jury. The question and the offer of proof should have been directed to the feature having a bearing upon the case on trial. This feature was excluded from both questions proposed to be asked and from the offer. The question not asked would have gone directly to the credibility of the witness, as evidence of contradictory or conflicting statements always do. The questions asked had no such direct bearing and have not been shown to have had any bearing. Even when evidence goes to credibility, if it is otherwise irrelevant it is not always admissible.

It is often a matter of some difficulty to determine just where to draw the line. Frequently it is broadly drawn between cross-examination and direct evidence. A witness is asked a question to elicit a fact which is not in issue, but which does, however, go to the credibility of the witness. ' Whether a fact is to go in evidence depends primarily upon its probative force in the sense of its relevancy to the question to be decided. It may be relevant, however, and meet this test of admissibility and yet it may be excluded because of some other reason. This excluding reason may be some controlling principle of the law based upon some general policy of the law, as, for instance, confidential communications which the law excludes on the ground of policy, notwithstanding the clearest and most direct relevancy. The excluding reason may be found in some rule of practical necessity, such as the introduction of a collateral issue, and this reason for exclusion may be sufficient to overcome admissibility based upon mere relevancy. Out of the effort to adjust a balance between these conflicting reasons for admission and exclusion has sprung the practice to permit questions upon cross-examination, answers to which would be excluded if asked in chief. This usually, if not exclusively, bears upon the question of credibility. Evidence that the plaintiff, in a negligence case, had presented a false claim for damages at another time against some other defendant would clearly be outside the issue before the jury and might properly be excluded. A trial judge, however, who directed a plaintiff witness on cross-examination to answer such a question, would not be convicted

of trial error, nor, on the other hand, would it be error to exclude the defendant's offer to prove the fact. Were this reason for a new trial confined to the offer of the defendant to prove the fact, proof of which was rejected, this would not afford a reason for disturbing this verdict. The question is, however, whether the claimed right to ask the question on cross-examination should not have been upheld.

Whether a new trial should be granted, therefore, resolves itself into these two questions: (1) Was it error to disallow the question, or was it a matter within the discretion of the trial judge? (2) If it was a matter of discretion, did the exercise of that discretion result in such an injury to the defendant as entitles it to have the case tried over again?

[6] To answer the last question first, there is this to be said: Although there was no formal admission of the liability of the defendant, and consequently the question before the jury wholly one of the amount of damages to be awarded, there was a virtual concession of this fact. This brought the whole case, it is true, to the one point upon which the answer to the question was expected by the defendant to bear. In this sense the ruling touched the defendant in a vital spot.

The real question before the jury, however, was the extent of plaintiff's injuries. Upon this the jury had direct evidence. The fact excluded could have borne upon it only inferentially and more or less remotely. If the case were to be retried and the question required to be answered, and the answer elicited no fact which had a proper bearing upon the amount of damages or the integrity of the claim, but elicited only the fact that the plaintiff had received compensation for these injuries from the insurance company, the consequence of which was a verdict for the defendant or the assessment of inadequate damages in favor of the plaintiff, we would then feel constrained to direct a third trial of the case.

Our conclusion, therefore, is that, in any view of the question, the discretion of the trial judge was properly exercised. Questions of discretion may well be subjected to the test of results. Tested by the result in this case, we would not feel justified in granting a new trial, unless a legal right of the defendant had been denied to it. The case properly called for a verdict for plaintiff. The assessment of damages was not excessive.

This brings us to the final question of whether there was appellate error in the ruling. We have considered with care the very able and forceful presentation of the views of counsel for the defendant, but remain unconvinced of error. We think the offer of evidence was properly overruled because not shown to be relevant, and the restriction of cross-examination properly applied for the same reason and within the discretion of the trial judge.

The motion for a new trial is dismissed, and plaintiff has leave to move for judgment on the verdict.