No. 19,964.

PAUL D. COLE, a Minor, etc., *Appellee,* v. THE ATCHISON, TO-
PEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Personal Injuries—Pleadings—Evidence—Findings.* In this
case the evidence and special findings are examined and it is held that
findings of negligence are within the issues raised by the pleadings;
that the findings are consistent with each other and with the general
verdict.

Appeal from Cowley district court; CARROLL L. SWARTS,
judge. Opinion filed March 11, 1916. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and
*Harlow Hurley,* all of Topeka, for the appellant.

*Alfred M. Jackson, Albert L. Noble,* both of Winfield, and
*Charles T. Atkinson,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Paul D. Cole was an assistant clerk in the em-
ploy of defendant at its station at Anthony. On October 5,
1911, he was assisting another employee in sealing the vent
doors of some refrigerator cars that were standing on the side-
track near the station. It was seven o'clock in the evening,
and dark. The men were on top of one of the cars, and while
Cole stooped over holding a lantern to enable the other workmen
to seal the door, another car was shunted against the string of
cars with such force that he was thrown to the ground and in-
jured. A former judgment in his favor was reversed because
of error in refusing to submit important questions of fact to
the jury and for inconsistencies in the special findings. (*Cole
v. Railway Co.,* 92 Kan. 132, 139 Pac. 1177.) On the second
trial he recovered a judgment for $1000 and the railway com-
pany appeals.

The petition was drawn under the federal employer's lia-
bility law, and stated that defendant was operating a railroad
engaged in interstate commerce. There was no material dif-
ference in the evidence at the two trials, nor in the special
findings, except that the court submitted to the jury two ques-

tions erroneously refused at the first trial. These questions with the answers returned by the jury are:

"1. If you find for the plaintiff in this action, in what respect do you find that the defendant, its officers and agents and employes were negligent? Ans. Not giving proper instruction to plaintiff and in using too violent force in coupling.

"2. If you find for the plaintiff, state what particular act or acts, or omissions on the part of the defendant, its officers, agents and employes, caused the injury? Ans. Brakeman was not in proper location to give signal to engineer to prevent a violent coupling."

It is insisted that in answer to the first question the jury found the negligence to consist of something not alleged in the petition nor claimed at the trial. The contention is over the word "instruction" in the answer. Neither in the pleadings nor in the evidence was any claim made that the plaintiff should have been instructed how to perform his work or how to protect himself from injury. The case was not tried upon any such theory. It is quite obvious, we think, that the jury used the word "instruction" in the sense of *information* or *notice*. Failure to notify or inform the plaintiff to look out for the impact of the cars is one of the omissions which it is alleged was negligence. The findings must be construed together for the purpose of upholding the verdict, if that can be done. We discover no difficulty in respect to the first finding when it is read together with the second and considered in connection with the real issues on the trial. In answer to the second interrogatory the jury state what particular acts or omissions of the defendant's employees caused the injury. Their answer is: "Brakeman not in proper location to give signal to engineer to prevent a violent coupling." Taking the findings together, we think it is clear that the jury meant by the first that plaintiff should have been informed or notified that the coupling was to be made in order that he could protect himself.

There is nothing substantial in the contention that the negligence found in the answer to the second interrogatory was not alleged in the petition. The petition alleged that the defendant was negligent in backing the car with such force and violence, and that defendant failed in its duty to have a man near the end of the cars on the sidetrack to give warning to persons that might be on or about them.

Some of the findings of the jury are against the weight of

the evidence, but that is something about which we are not concerned. It is urged that there is no evidence to support finding No. 5, in which the jury say the reason the plaintiff did not attend to sealing the cars while it was daylight was that he was handling freight and inspecting seals. There is some evidence. The plaintiff testified that the cars could not be sealed until the train came in at 6:40, and that he took a record of seals on that train. He also testified that after the station agent left he helped bill some freight and then waited until the man he was to help went to seal the cars. His duties were to take a record of the seals and to see that the other man properly did the work of sealing.

In answer to questions 10 and 11 the jury found that plaintiff did not know that trains were engaged in switching in the yard when he went upon the car, nor that he would be exposed to danger by reason of the switching of trains and because of the darkness. Plaintiff testified that before he started to do the work a brakeman on the train that came in from the south told him they had quit switching. The inconsistency between findings 7 and 18 is only apparent. In number 7, the jury find that plaintiff could have avoided the accident if he had been watching out for the backing up of the cars on the track where he was at work. Finding number 18 reads:

"Did plaintiff look or listen or take any precaution, before or at the time he went upon the car, to ascertain whether there were any switch engines or trains switching in close proximity to the place where he was working? Ans. Yes."

If by their answer to question 7 the jury had reference to the time plaintiff was on the car and occupied with his duty, which required him to stoop over and hold the lantern while assisting the other workman, there is no inconsistency in the two findings.

Plaintiff repeatedly testified that he looked before and after he went upon the car, that he was only upon the car a minute or two before he was thrown off, that he did not see any cars switching, and that the engine and cars were on another track about two blocks distant. We discover no such inconsistency in the findings as would warrant a judgment for the defendant, and there being some evidence to support the findings the judgment will be affirmed.