# CHRISMAN v. UNITED STATES.
## No. 6851.

Circuit Court of Appeals, Ninth Circuit.
Nov. 14, 1932.

Graham K. Betts, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash. (Davis G. Arnold, of Washington, D. C., and Lester E. Pope and E. C. McDonald, Attys. Veterans' Administration, both of Seattle, Wash., of counsel), for the United States.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Appellant, having failed to secure a verdict or judgment for recovery upon a war risk insurance policy, appeals from the judgment, and assigns as error the admission of certain testimony on behalf of the government, which he claims was prejudicially erroneous. The action was predicated upon the claim that the appellant was permanently and totally disabled during the life of the policy, which expired soon after his discharge. Appellant testified in support of his claim, and on cross-examination by the United States attorney was questioned as follows: "Q. By the way, the government has been paying you one hundred dollars a month?" to which appellant objected as follows: "I object to any evidence of compensation on the ground that it is wholly immaterial, and has only one purpose, and that is

to prejudice the jury. It has absolutely nothing to do with the insurance, and can have no other possible purpose except to prejudice the jury."

The court overruled the objection, stating: "I think that, under all the circumstances, it is proper. It is just so the jury will understand the whole situation. The jury will understand that this is purely a matter of contract. And I am allowing this so that they will understand it all."

Appellant reserved an exception, whereupon the question was answered as follows:

"A. Since 1929. Yes.

"Q. And they paid you in smaller amounts prior to that? A. Yes."

■■■ The simple question of fact in the case was whether or not the appellant was totally and permanently disabled on or before the expiration of his war risk insurance policy, that is, before October 31, 1919. His condition after that time was germain only for the purpose of showing his condition prior thereto. Compensation paid to him by the government, and accepted by him on account of his disabilities, was accepted and paid under another obligation voluntarily assumed by the government to the disabled soldier, and was intended to be made regardless of the question of insurance. Appellant cites numerous cases where evidence having a similar tendency has been held prejudicial: Dempsey v. B. & O. R. Co. (D. C.) 219 F. 619; Harding v. Town of Townsend, 43 Vt. 536, 5 Am. Rep. 304; Heath v. Seattle Taxicab Co., 73 Wash. 177, 131 P. 843; Cunnien v. Superior Iron Works Co., 175 Wis. 172, 184 N. W. 767, 18 A. L. R. 667; F. W. Woolworth Co. v. Davis, 59 App. D. C. 347, 41 F.(2d) 342; Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L. R. A. (N. S.) 59; James Stewart & Co. v. Newby (C. C. A.) 266 F. 287; Citti v. Bava, 204 Cal. 136, 266 P. 954, and other cases. The situation thus presented seems to come within the principle of the decisions holding that evidence that the injured person has received compensation for his injury from an insurance company is not relevant or material in an action to recover therefor from a tortfeasor. The evidence was erroneously admitted, and we think its admission prejudicial to the trial of the merits of the question involved, and that the instruction of the court that the evidence "was out of the case" did not cure the error. In this connection, to avoid misunderstanding, it should be stated that we are not referring to evidence of compensation received for vocational training. It has been held by the Circuit Court of Appeals of the Eighth Circuit that such evidence is germain to a claim of total and permanent disability, as conduct, on the part of the claimant, inconsistent with the claim of total disability subsequently asserted (Blair v. United States, 47 F.(2d) 109) and we agree with this holding.

The law with reference to the other assignments of error is so well settled as not to require comment.

Judgment reversed.