## LOMICKA v. UNITED STATES.
### No. 4776.

District Court, E. D. New York.
Dec. 31, 1932.

Lawrence E. Goldman, of Kansas City, Mo., and Nelson D. Spiro, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Joseph H. San, of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

This action was brought to recover under a war risk insurance contract granted to the plaintiff while he was in military service during the World War.

A trial was had before a jury and a verdict resulted in favor of the defendant. During the course of the trial and over the plaintiff's objection the defendant was permitted to introduce in evidence the compensation paid to plaintiff by the Veterans' Bureau from the time of discharge to the day of the trial. At the time the evidence was introduced the court expressed some doubt as to its admissibility and stated that the court would reconsider the objection urged by the plaintiff in the event that the verdict went against him.

The sole question presented for consideration was whether or not the plaintiff was permanently and totally disabled on November 10, 1918. The evidence with reference to compensation paid to the plaintiff from the Veterans' Bureau was immaterial and irrelevant to the issues and may well have influenced the jury in deciding adversely to the plaintiff.

The Circuit Court of Appeals for the Ninth Circuit, in the case of George W. Chrisman v. United States of America, 61 F.(2d) 673, 674, considered the very question and decided:

"The simple question of fact in the case was whether or not the appellant was totally and permanently disabled on or before the expiration of his war risk insurance policy, that is, before October 31, 1919. His condition after that time was germain only for the purpose of showing his condition prior thereto. Compensation paid to him by the government, and accepted by him on account of his disabilities, was accepted and paid under another obligation voluntarily assumed by the government to the disabled soldier, and was intended to be made regardless of the question of insurance. Appellant cites numerous cases where evidence having a similar tendency has been held prejudicial: Dempsey v. B. & O. Ry. (D. C.) 219 F. 619; Harding v. Town of Townshend, 43 Vt. 536, 5 Am. Rep. 304; Heath v. Seattle Taxicab Co., 73 Wash. 177, 131 P. 843; Cunnien v. Superior Iron Works Co., 175 Wis. 172, 184 N. W. 767, 18 A. L. R. 667; F. W. Woolworth Co. v. Davis [C. C. A.] 59 App. D. C. 347, 41 F. (2d) 342; Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L. R. A. (N. S.) 59; James Stewart & Co. v. Newby (C. C. A.) 266 F. 287; Citti v. Bava, 204 Cal. 136, 266 P. 954, and other cases. The situation thus presented seems to come within the principle of the decisions holding that evidence that the injured person has received compensation for his injury from an insurance company is not relevant or material in an action to recover therefor from a tort-feasor. The evidence was erroneously admitted, and we think its admission prejudicial to the trial of the merits of the question involved, and that the instruction of the court that the evidence 'was out of the case' did not cure the error. In this connection, to avoid misunderstanding, it should be stated that we are not referring to evidence of compensation received for vocational training. It has been held by the Circuit Court of Appeals of the Eighth Circuit that such evidence is germain to a claim of total and permanent disability, as conduct,

on the part of the claimant, inconsistent with the claim of total disability subsequently asserted [Blair v. United States, 47 F.(2d) 109] and we agree with this holding."

The motion to set aside the verdict and for a new trial is granted.

Settle order on notice.