No. 31,610

Lulu Green, *Appellee,* v. W. G. Hutson, *Appellant.*

(32 P. 2d 490.)

Opinion filed May 5, 1934.

*A. B. Mitchell,* of Lawrence, and *David F. Carson,* of Kansas City, for the appellant.

*George H. West, P. W. Croker* and *J. Earl Thomas,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This appeal is by the defendant from a judgment against him in an action for damages occasioned by an automobile collision on highway No. 40, near Victory Junction, on

October 2, 1932. No. 40 is an east-and-west highway. The plaintiff was going east thereon to Kansas City, and the defendant was coming west thereon to Lawrence. That would properly put the plaintiff on the south side of the highway and the defendant on the north side thereof. There was a lady in the car with the plaintiff, and the defendant was alone in his car. These three appear to have been the only eyewitnesses to the collision which occurred between seven-thirty and eight o'clock in the morning. The plaintiff was in a Dodge coupé and the defendant in a Chevrolet coupé.

The original petition charged the defendant with negligence in two particulars: driving west on the wrong side, the south side, of the highway; and in driving at a rapid and reckless rate of speed, to wit, fifty miles an hour. In the amended petition four other allegations of negligence were charged against the defendant, among them being intoxicated and not having his car under control at the time of the collision.

The answer and cross petition charged the plaintiff with contributory negligence in driving her car on the wrong side of the highway in excess of forty miles per hour until she reached defendant, and then suddenly turning the car to the right, throwing the rear end thereof over against and upon the car of the defendant.

The verdict of the jury was in favor of the plaintiff for $1,200, and the first seven of the seventeen special questions and answers thereto are as follows:

"1. Where was the Dodge coupé (plaintiff's car) with reference to the middle line of Victory highway, when the two cars collided? A. The left rear wheel of plaintiff's car was on the center line of pavement, the front end of car turned slightly south.

"2. What part of the cars came in contact? A. The left front of defendant's car struck the left rear of the plaintiff's car.

"3. Where was the Chevrolet coupé (defendant's car) with reference to the middle line of Victory highway, when the two cars collided? A. The defendant's car was about six inches north of center line on highway.

"4. Was the collision the result of a mere accident? A. No.

"5. Was the collision the result of negligence on the part of both the drivers? A. No.

"6. Do you find that the defendant was guilty of negligence? A. Yes.

"7. If you answer No. 6 'yes,' then state fully what negligence he committed. A. By driving at an excessive rate of speed."

The defendant filed motions to set aside certain of the answers, to render judgment for defendant on the special findings and to grant a new trial. All these motions were by the trial court over-

ruled, and judgment was rendered for plaintiff. The appeal of defendant is based largely upon the rulings of the trial court on these motions.

The appellant presents the inconsistency of the answers to questions 1 and 3 with other answers and the general verdict, and argues this matter in connection with the necessary conclusion of the existence of contributory negligence on the part of the plaintiff. In considering this double-featured contention it must be observed in the first place that the answer to special question No. 5 entirely exonerates the plaintiff from any contributory negligence, and that answer to special question No. 6 finds the defendant to have been negligent; then the answer to special question No. 7 exonerates the defendant from all kinds and features of negligence alleged except one, namely, "By driving at an excessive rate of speed." Now with these two findings as to negligence of the parties—the plaintiff not negligent in any way whatever, and the defendant only negligent by driving at an excessive rate of speed—let us consider the answers to special questions Nos. 1, 2 and 3 as to the position of the two cars at the time and place of the collision. These answers are that the left rear wheel of plaintiff's car was on the center line of pavement, the front end of car turned slightly south. The left front of defendant's car struck the left rear of plaintiff's car, and defendant's car was about six inches north of the center line of the highway.

Appellant calls our attention to the utter impossibility of a collision when the answers place the cars six inches apart. It is of course admitted by both parties that they did collide, and there is no contention as to where on each car they came in contact. If the negligence of the defendant had been drunkenness or lack of control of his car, we might, with very little imagination, think of his car as weaving or swerving, but his only negligence was excessive speed. How can any one say that excessive speed will cause a collision when the cars are six inches apart? Suppose the defendant was an expert in driving and should come within a hair's breadth of plaintiff's car, it might give her a terrible nervous shock, but it would not cause a collision, regardless of the excessive speed. These are physical facts that the jury have found, which appear to be impossible and absurd.

Appellant contends that the finding that plaintiff's left rear wheel was on the center line of the pavement with the front end of the car turned slightly south was a finding that plaintiff was actually on

the wrong side of the highway, as alleged in the answer and cross petition, and constituted contributory negligence, being inconsistent with the general verdict and finding No. 5, and cites the case of *Lathrop v. Miller*, 132 Kan. 425, 295 Pac. 722, and many others in support of his contention that a finding of contributory negligence will nullify the general verdict and bar a recovery.

Appellee does not undertake to explain these findings in a physical way, but properly urges that where a question of inconsistency arises between findings made in answer to special questions and a general verdict, nothing will be presumed in aid of special findings, while every reasonable presumption will be indulged in favor of the general verdict, as held in *Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585, and states the rule that the findings should not control the general verdict, unless the inconsistency between the two compels such result, as was said in *Tarin v. Railway Co.*, 98 Kan. 605, 158 Pac. 874, and cites numerous other decisions along this line, including that of *Burzio v. Railway Co.*, 102 Kan. 287, 171 Pac. 351.

A careful reading of the abstract makes it more than difficult to find the evidence which enabled the jury to make these two findings as to the position of the two cars at the time of the collision. As stated above, there were only three witnesses who testified to seeing the collision, the plaintiff and defendant and Mrs. Blanchard, the lady who was riding with the plaintiff. The plaintiff testified when she saw the defendant coming over on her side of the road she slowed down and got over off the pavement as far as she possibly could, that her car was about half way over off the pavement on the south side thereof, that when she first saw defendant's car it was on the north side of the road, but later it started to veer and come over across the pavement and continued to come on until it hit her car.

Mrs. Blanchard, who was with the plaintiff, in a general way corroborated the testimony of the plaintiff as to the position of the two cars. She said, "When the defendant got almost over to us he crossed right over that black mark, and Mrs. Green turned and got over as far as she could get, and the defendant just kept coming— she thought he would hit us head-on, but he went right past and hit us on the hind wheel."

The defendant said he saw the plaintiff coming 200 or 250 feet away on his side of the road over the center line about two feet, and

at the time of the collision he was about three-fourths off the slab on his side, which was as far as he could get off; one of his wheels was on the pavement and his right wheel was on the grass.

It is very evident the jury did discredit all three of these witnesses in regard to the location of the cars at the time of the collision. The only evidence we can find is that the collision occurred at the extreme south or extreme north edge of the pavement, yet these answers locate the place as almost in the exact center of the pavement. We have known of findings where two witnesses estimated the distance between two objects, one as being about ten feet and the other about eight feet, and the jury found the distance to be about nine feet. It would seem almost the same way in this case; neither extreme was accepted, and it was located about half way between. The attorneys for appellee state that the trial court, in passing upon the motion, said in substance that the findings were not as accurate as they ought to be, but that the court was convinced that negligence on the part of the defendant had been established and that the jury had exonerated the plaintiff of any negligence.

A witness who arrived shortly after the collision said he saw marks there, but the abstract does not contain any statement of where they were. The defendant said—

"There was a mark on the pavement where either the wheel or the axle or a broken spoke made a black mark. Just sort of a nice little circle just like this, across there."

There may have been marks or other evidence to support the findings of the jury as to the location of the cars at the time of the accident, but it has not been printed or pointed out. Besides, with no negligence being left in the case but excessive speed, and the cars six inches apart at the nearest point, we cannot reconcile the findings with each other or with the general verdict, and we think under such circumstances some of the answers should have been set aside, or judgment rendered for defendant on the answers to the special questions.

A Kansas decision very much in point is *Griffith v. Railway Co.*, 102 Kan. 23, 169 Pac. 546; the fifth paragraph of the syllabus is as follows:

"The jury expressly found that a certain depression in one street rendered the passage of teams and vehicles thence into another street impossible, and by another finding stated with equal perspicuity that notwithstanding such depression it would have been practicable for teams, wagons and other vehicles

to pass from one street into the other. Held, that such inconsistent and contradictory findings cannot be permitted to stand."

Another case where the findings were held to be inconsistent and could not stand was a federal employer's liability case where the damages may be reduced on account of contributory negligence. This was the case of *Cole v. Railway Co.*, 92 Kan. 132, 139 Pac. 1177, where it is stated in the opinion:

"The jury cut his recovery one-half because of his negligence, and yet by these answers declared that he was not negligent. Another finding is that appellee knew that trains were being switched in the yard when he was upon the refrigerator car engaged in sealing it, and yet in another finding the jury said that he could not have safeguarded himself against the accident if he had been watching for the backing of cars upon the track where he was at work. These findings are inconsistent with each other and with the general verdict." (p. 136.)

In the case of *Edwards v. Railway Co.*, 86 Kan. 257, 119 Pac. 872, where the plaintiff drove by a railroad-crossing bell which at the time was sounding a warning of an approaching train, one of the findings was that plaintiff must have heard the bell and another was that he need not necessarily have heard the bell, although not inattentive, and it was held:

". . . the findings are inconsistent, and being inconsistent upon a matter material in estimating the prudence of each party, they do not furnish a basis for a judgment in favor of either one." (Syl. See, also, *Rogers v. Fraternal Aid Union*, 122 Kan. 9, 251 Pac. 408; and *Willis v. Skinner*, 89 Kan. 145, 130 Pac. 673.)

In the case of *Hobbs v. Nelson*, 188 Wis. 108, it was held:

"In an action for death sustained in a collision of defendant's automobile with a bicyclist when the latter was traveling in a northerly and defendant in a southerly direction, a finding of the jury on the question of defendant's negligence and its finding as to the negligence of the bicyclist are *held* inconsistent with each other, where the practical effect of the answers to the questions was to place the bicyclist and the automobile west of the center line of the driveway when considering the question of defendant's negligence, and east of the center of such line when considering the negligence of the bicyclist.

"Where the jury found that plaintiff's theory that the collision occurred east of the center line of the highway was true, and defendant's theory that it occurred on the west of the center line of the highway was untrue, but also found that defendant's act in driving on the wrong side of the driveway was not a proximate cause of the collision, a judgment for defendant could not be sustained where, under the evidence, defendant's act in so driving must necessarily have had some material contributing effect in causing the collision." (Syl. ¶¶ 1, 2. See, also, *Humble Pipe Line Co. v. Kincaid*, 19 S. W. 2d 144 [Tex.]; 64 C. J. 1177.)

In 46 C. J. 183 it is said that "A verdict against incontrovertible physical facts will be set aside."

We think the trial court erred in not setting aside some of these answers to special questions as physically impossible and inconsistent with the general verdict and other answers, and in not rendering judgment for the defendant on the answers to the special questions notwithstanding the general verdict. Since there was no negligence by defendant, there can be no recovery by plaintiff. This conclusion makes it unnecessary to review the other errors assigned in the appeal.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant for. costs.