No. 32,942

FRED HILER, *Appellee*, v. JOHN CAMERON, *Appellant*.

(59 P. 2d 30)

Opinion filed July 3, 1936.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John F. Eberhardt,* all of Wichita, and *R. C. Woodward,* of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff recovered a judgment for injuries sustained in a collision of automobiles, and defendant appeals.

On December 22, 1934, about 7:30 p. m., plaintiff, driving a Ford pick-up truck, was driving north along a paved public highway. About 50 to 70 feet ahead of him was a car going north, driven by Mrs. Honn (Hahn). Just about the time the accident occurred the Honn car was approaching a point where another car was parked on the shoulder of the road but off the pavement. About the time the Honn car was to pass the parked car a Ford V-eight automobile, driven by defendant, was being driven south. It passed the Honn car, but when it reached the car driven by plaintiff there was a head-on collision, as a result of which plaintiff sustained injuries, as did the defendant and three persons riding with him.

Plaintiff's petition charged the defendant with negligence in driving his car at a rate of speed greater than was reasonable and proper having due regard for the traffic and the use and condition of the road, and at such speed as to endanger the life and limb of any person, and particularly plaintiff, and in driving on the wrong side of the road, and in other respects not necessary to detail.

Defendant's answer admitted there was an accident, denied the various charges of negligence on the part of the defendant, and charged the plaintiff with acts of negligence, including driving on the left side of the road and directly in the path of defendant's approaching automobile, which acts contributed to and were the sole causes of his injury and damage.

At the trial evidence was offered giving the versions of various witnesses for both plaintiff and defendant, the principal controversy being whether the accident occurred on the east or west side of the highway. Special questions were submitted to the jury which returned answers as follows:

"1. At what rate of speed was the plaintiff's car moving immediately prior to the collision? A. 30 miles per hour.

"2. At what rate of speed was the defendant's car moving immediately prior to the collision? A. 55 miles per hour.

"3. At what point with reference to the center of the paved highway did the collision occur? A. Just over line west side.

"4. What part of the two vehicles first came in contact with each other? A. Defendant radiator hit plaintiff car right fender.

"5. Did the Hahn car slow up immediately prior to the collision? A. Slightly.

"6. If you find the defendant was guilty of negligence, then state fully what his acts of negligence were. A. Driving at too high a rate of speed under the circumstances and lack of due diligence.

"7. If you find the plaintiff was guilty of negligence, then state fully what his acts of negligence were. A. He was confused.

"8. If you find the plaintiff is entitled to recover, then state how much you allow the plaintiff for." (Not here material.)

Defendant immediately asked the trial court to direct the jury to return a more definite and certain answer to question 7, the request being refused. Later the plaintiff moved the trial court to set aside the answer to question 7 as not a finding of negligence and the answer to question 3 for the reason the answer was contrary to and not supported by the evidence. Plaintiff also moved for a new trial. Defendant moved the court to set aside the general verdict and for judgment on the answers to the special questions, and also for a new trial. All of these motions were denied. Defendant appeals, his main contention being that he is entitled to judgment on the answers to special questions and notwithstanding the general verdict.

The plaintiff, not having appealed from the adverse ruling on his motion to set aside the answers to questions 3 and 7, is bound by those answers. Assuming the sufficiency of the answer to question 7, all answers are supported by competent evidence. Under R. S. 60-2918, if the special findings of fact are inconsistent with the general verdict, the former controls the latter and the court may give judgment accordingly, and the question presented is whether the special questions and answers thereto are so in conflict with the general verdict that it cannot stand. (*Dye v. Rule,* 138 Kan. 808, 811, 28 P. 2d 758.) And see *Clark v. Missouri Pac. Rld. Co.,* 134 Kan. 769, 8 P. 2d 359, where it was said:

"Our statute (R. S. 60-2918) provides, when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. This court has followed this statute in so many decisions that it is unnecessary to cite them." (p. 771.)

If there is apparent inconsistency between the answers to special questions and the general verdict, nothing is presumed in aid of the special findings and every reasonable presumption will be indulged in favor of the general verdict, and if the answers are susceptible of more than one interpretation that one which harmonizes with the general verdict should be adopted. (*Lesher v. Carbon Coal Co.,* 127 Kan. 34, 272 Pac. 155; *Green v. Hutson,* 139 Kan. 475, 32 P. 2d 490.)

Appellee argues the special findings are not inconsistent, and that appellant's contention plaintiff was guilty of contributory negligence is based upon the claimed erroneous assumption that plaintiff was driving on the left or wrong side of the road, and that the jury's

finding No. 3 is not equivalent to a finding the accident was due to plaintiff's having been on the wrong side, otherwise the verdict would have been for defendant. It is further argued the answer to question 4 does not warrant a conclusion that defendant was on the wrong side of the road; that plaintiff testified defendant's radiator hit his right fender, and that there is obvious transposition of words in the jury's answer, otherwise there is no evidence to support the finding. Assuming plaintiff can now raise that question, an answer may be found in the testimony of the owner of the car in which plaintiff was riding. He stated he examined the car while it stood by the roadside, and—

"It showed that it was hit on the right-hand side a little past the center of the radiator cap. The radiator was mashed back. The right fender was smashed."

The only way in which the answers can be made consistent with the general verdict is to assume the defendant's car, after passing the Honn car, went over to its left side and then veered again to the right and struck the plaintiff's car. We cannot make that assumption, for it is contrary to all the evidence as abstracted. Essentially the question in the case was which car was on the wrong side of the paved highway. There was evidence from which a jury could conclude either way. It found the defendant's negligence consisted in driving at too high a rate of speed and lack of due diligence, not in driving on the wrong side of the road. It found the collision occurred west of the center of the paved highway, a place where plaintiff had no right to be, under the circumstances. (*Giles v. Ternes*, 93 Kan. 140, 145, 143 Pac. 491; *Lindenstruth v. Leveque*, 138 Kan. 93, 95, 23 P. 2d 486.) Whether the answer to question 7 was sufficient becomes of no great importance in view of the other answers. Before defendant could be held liable he had to be at fault. The negligence attributed to him by the jury's findings was not the cause of the collision; it was caused by plaintiff's being where, at the particular time, he had no right to be. (*Giles v. Ternes*, supra.) Whether the plaintiff was confused, or deliberately drove to his left did not change the situation. The answers to special questions 3 and 7 are inconsistent with the general verdict, they convict the plaintiff of negligence which precludes his recovery, and the judgment of the trial court is accordingly reversed and set aside and the cause remanded with instructions to render judgment in favor of the defendant.