No. 37,456

HAROLD D. DOLEZAL (Claimant), *Appellee*, v. AL (A. L.) RIZEK, doing business as Belleville Plumbing Company, *Appellant*.

(199 P. 2d 179)

Opinion filed November 13, 1948.

*Frank G. Spurney*, of Belleville, argued the cause, and was on the briefs for the appellant.

*Fred Emery*, of Belleville, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a workmen's compensation case. Upon the record the trial court found that the injury suffered by claimant on September 15, 1947, occurred while he was in the employ of respondent performing a task in execution of the trade or business of building work; that such injury arose out of and in the course of the employment; that the claimant and respondent were operating under the workmen's compensation act; that the injury sustained was the total loss of vision in an eye and that under his average weekly wages the statute (G. S. 1935, 44-510 [15c]) requires compensation on the basis of sixty percent of his wages, or $20 per week for 110 weeks; that matured installments due amounted to $740,

which should be paid in a lump sum, the balance in weekly installments. Allowance was also made for $108.40 for medical and hospital expenses accrued. Respondent appeals from this judgment. In this court there is no complaint of the amount of the award if claimant is entitled to recover.

The facts found by the trial court may be summarized as follows: Claimant, a veteran of World War II, inexperienced in the trades and line of work of respondent, entered his employ about March 28, 1946. As of that date an application or agreement was executed by respondent with the Veterans Administration to accept and train veterans under provisions of Public Law No. 16 of the 78th congress, the intention at the time being to accept and train claimant, he being then actually working for respondent, but with the mutual intention of himself and claimant that he would become a trainee on the job, employee or student, as soon as approval was obtained from the Veterans Administration. Such approval was secured April 26, 1946. Claimant continued to work at the trades and businesses conducted by respondent until September 15, 1947, the date of his accidental injury.

Since 1936 respondent has maintained his business place, in connection with which he did a general plumbing business, sheet metal business and heating, the major business being that of plumbing and heating. In connection with sheet metal work of respondent gutter work was done on buildings which respondent estimated to be about five percent of his total business. He maintained a retail sales place for various appliances and material connected with all of his lines of business and trades. The work in which claimant was engaged at the time of his injury was that of replacing old metal gutter with a new gutter furnished by respondent to the owner of the dwelling, who was to pay the agreed price for the material at regular rates for labor furnished by respondent. Claimant had done gutter work for respondent on about five different buildings during the time he was working and training. Respondent's business was composed of different trades, such as plumbing, heating and sheet metal work, all rather closely related to building work, if not in truth building work necessary to a completely modern building, whether residence or business structure. Under the contract made by respondent with the Veterans Administration under Public Law No. 16 claimant received $13.80 monthly for a service-connected partial disability on account of arthritis, and from the

Veterans Administration received also a sum each month to supplement his wages while learning on the job. This was the difference between the wage paid by the employer and the skilled wage rate which the veteran would receive when his vocational rehabilitation was complete, such difference not to exceed $90 per month, the amount received by claimant. When he started to work respondent paid him $30 per week. Had he complied with his contract with the Veterans Administration as to semi-annual increases claimant's salary while on the job at the time of his injury should have been $167.50 per month. At the time of his injury respondent was paying him $36 per week.

Appellant contends the Kansas workmen's compensation act does not apply because its operation and applicability is superseded by Public Law No. 16 of the 78th congress; that under the facts the claimant, a disabled veteran, is given full protection under Public Law No. 16 of the 78th congress, and would be entitled to receive the same benefits for the injury in question as if it was in fact an injury or disability incurred in and connected with his military service. Appellant cites no case directly in point, but does reason by analogy from the reasoning in *Schaefer v. Lowden*, 147 Kan. 520, 78 P. 2d 48, where it was held that by the federal employers liability act congress took possession of the field of employers' liability to employees in interstate transportation by rail, all state laws upon that subject were superseded. Appellant also cited *Cole v. Railway Co.*, 92 Kan. 132, 139 Pac. 1177, dealing with the same subject and to the same effect. We think this reasoning is not applicable here. The parties were not engaged in interstate commerce. There is nothing in the federal act which indicates that it supersedes the workmen's compensation act of this state. Respondent had made no effort to have a substitute scheme of compensation, as authorized by G. S. 1935, 44-537. It is true that while claimant was in training under the act an injury might be treated as service-connected and some pension granted him for that reason. But that is in the nature of a gratuity. (See *Skinner v. Davis*, 312 Mo. 581, 280 S. W. 37, and authorities there cited.) There is ample proof in the evidence to support the trial court's finding that claimant was the employee of respondent. Indeed, from the evidence we do not see how any other conclusion could have been reached. Appellant further contends that respondent was not under the act, since he employed fewer than five men. The trial court found, as did the com-

missioner, that respondent was under the act by reason of the fact that he was doing building work as defined in our statute (G. S. 1935, 44-508 [f]). We think there is ample evidence in the record to sustain the finding of the trial court. The result is that the judgment of the trial court must be sustained. It is so ordered.