380 P.2d 836

James E. SNEAD, Plaintiff-Appellant,

v.

ADAMS CONSTRUCTION COMPANY, Inc., Employer, and Fireman's Fund Indemnity Company, Insurer, Defendants-Appellees.

No. 7163.

Supreme Court of New Mexico.

April 15, 1963.

Smith, Kiker & Kitts, Albuquerque, for appellant.

Catron & Catron, Santa Fe, for appellees.

CARMODY, Justice.

The question presented in this case is whether a workmen's compensation award should be reduced by the percentage of service-connected disability adjudged to a veteran by the Veterans Administration.

The trial court found that the claimant (appellant here) was totally disabled following an accidental injury. It is apparent from the trial court's findings and judgment that if the claimant had been receiving no other income, he would have been entitled to an award for total permanent disability as provided by statute. However, evidence was received and considered by the court that, prior to the accident, the claimant had been awarded 60% disability by the Veterans Administration for service-connected disability, 50% of which was for an "anxiety state" and 10% for a duodenal ulcer. The court, therefore, on the theory that no person could be disabled more than 100%, awarded claimant 40% disability, with the provision that this award should be reduced or increased in accordance with any changes in the Veterans Administration payment. Thus, the award is unmistakably conditioned upon the determination of the Veterans Administration.

Claimant urges that the veterans payment is, in effect, a pension, and as such

cannot be considered in any sense to offset a disability allowed under the New Mexico Workmen's Compensation Law. Contrariwise, the appellees argue that inasmuch as the federal statute, 38 U.S.C. § 101(13), calls the award "compensation" for service-connected disability, whereas the award for age, length of service, or non-service-connected disability is termed a "pension," 38 U.S.C. § 101(15), that therefore both the New Mexico Workmen's Compensation Act and service-connected disability under the federal statute apply to earning capacity and should be considered together to prevent double recovery. Apparently the cases are pretty much in accord that if the Veterans Administration payment is a pension, it cannot be considered to reduce the amount of workmen's compensation. See, Dolezal v. Rizek, 1948, 166 Kan. 119, 199 P.2d 179, and cases collected in Skinner v. Davis, 1925, 312 Mo. 581, 280 S.W. 37. In our view, appellee's position is untenable, if for no other reason than that to permit reduction because the workman is receiving government "compensation" would be to penalize one who has suffered a disability directly related to the service he has rendered to his country, whereas an award to another whose disability has not so resulted would be completely unaffected. Logic, justice and appreciation all will prevent such a warped distinction.

Appellee further argues that since the claimant's Veterans Administration compensation is an award for "impairment of earning capacity in civil occupations," 38 U.S.C. § 355, an award of 100% disability under the Workmen's Compensation Act in effect at the time of the injury (§§ 59–10–1 to 59–10–31, N.M.S.A., 1953 Comp., prior to amendment by Laws of 1959, ch. 67) would result in a "total" disability of 160%. Obviously, as evidenced by the findings and judgment, the trial court was of the same view. The effect of the decision, however, is to conclude that a 40% award will compensate a workman who was found to be 100% disabled, in the face of findings and conclusions that clearly negate any connection between the pre-existing conditions and the present disability. We cannot agree with such a determination.

At the outset, we must recognize that the test of disability under the Veterans Administration compensation statute rests upon the presumption that the individual was in "sound condition" when he entered the service (38 U.S.C. § 332), and that awards are granted according to the "average impairments of earning capacity" of the veteran when he returns to earning a living in a civilian society (38 U.S.C. § 355). That is very different from the test under our Workmen's Compensation statute, which relates to the workman's ability "to obtain and retain gainful employment," considering his age, education, training, general mental and physical capacity, and his

adaptability. Rhodes v. Cottle Construction Co., 1960, 68 N.M. 18, 357 P.2d 672; accord Lozano v. Archer, 1962, 71 N.M. 175, 376 P.2d 963. There is no presumption in our law that every workman is completely able-bodied when he enters his employment; the measure of disability under our statute is the relationship between the workman's ability to do work prior to the injury, and such ability following the injury.

In the instant case, the trial court specifically found that claimant was permanently disabled following the February 27, 1959 accident, and it is admitted that whatever may have been his pre-existing condition, it did not prevent him from working as a truck-driver in his employment. Thus, the evidence of the Veterans Administration compensation for service-connected disability was not only irrelevant and immaterial; it was incompetent in determining the degree of disability suffered by claimant as a result of the injury complained of. Waldroop v. Driver-Miller Plumbing & Heating Corp., 1956, 61 N.M. 412, 301 P.2d 521.

Both parties to this appeal admit the paucity of decision on the exact point at issue here. There are, however, cases involving similar situations wherein compensation awards from the United States have been held to be of no consequence in determining eligibility for benefits under other unrelated provisions of law. In Protho v. Nette, 1935, 173 Okl. 114, 46 P.2d 942, where workmen's compensation was the question, the compensation carrier admitted that the workman was 100% disabled, but it argued that because there was evidence that the employee received a 75% disability award from the Veterans' Bureau, any workman's compensation award above 25% was error. The court rejected the argument, saying:

"* * * The [Veterans' Bureau] rating was made for a different purpose and under different standards than those involved in the present case. * * * It certainly bears no relationship to, nor can it be considered of any probative value against, the undisputed fact of respondent having satisfactorily performed the work in which he was engaged when injured, for a period of approximately five years preceding the injury."

To like effect are Miller v. United States, 71 F.2d 361 (5th Cir.1934), aff'd 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; Chrisman v. United States, 61 F.2d 673 (9th Cir.1932); Lomicka v. United States, 2 F.Supp. 766 (E.D.N.Y.1932); Tidewater Associated Oil Co. v. Ale, 1942, 191 Okl. 414, 130 P.2d 991; Gordon v. Chevrolet-Shell Div. of General Motor Corp., 269 S.W.2d 163 (Mo.App. 1954). We have no doubt that disability compensation voluntarily bestowed by the government upon veterans who have suffered injuries as a result of military serv-

ice, does not fix a compensation carrier's legal liability upon its workmen's compensation insurance contracts.

Appellee relies on cases from other jurisdictions which concerned "second injury funds." They are not applicable to the facts of this case, inasmuch as we do not have such a statute. The situation in this regard and concerning apportionment between losses is discussed in Reynolds v. Ruidoso Racing Association, Inc., 1961, 69 N.M. 248, 365 P.2d 671.

We would also note our recent decision in Winter v. Roberson Construction Co., 1962, 70 N.M. 187, 372 P.2d 381, where we held that receipt of unemployment compensation benefits was no bar to a claim for workmen's compensation for disability during the same period. There is not now, nor was there at the time of claimant's injury, any provision in our compensation statute forbidding benefits to an injured workman on the ground that he is receiving benefits under some other local or federal statute.

We hold, therefore, that the evidence of claimant's receipt of Veterans Administration disability compensation was incompetent, and presented an issue not germane to the real question involved in this case. The judgment of the lower court must be set aside, and the finding of total disability being supported by substantial evidence, an award of 100% disability compensation under the Workmen's Compensation Act in effect at the time of the injury must be granted.

The trial court awarded attorney's fees in the sum of $1,500.00, and appellant complains that this sum was based on the award of 40% disability. Appellant therefore asks that the attorney's fees be increased in the event the court determines that there was error in the amount of compensation awarded by the trial court.

The trial court is in a much better position than are we to place a reasonable fee for the work done by counsel for the appellant. In view of the fact that the case must be reversed for the entry of a judgment in accordance with this opinion, we will leave it to the discretion of the trial court as to whether the fee in the trial court should be increased.

In view of what has been said, therefore, the judgment of the trial court will be reversed, with instructions to enter judgment in accordance herewith, and at that time to allow a reasonable fee for appellant's attorney in the trial of this case. Appellant's attorney will be allowed a fee of $750.00 for the services in prosecuting this appeal. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.